UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT L. STOLLER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　Defendant. | No. C14-5562 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  February 27, 2015** |

Defendant Washington State Department of Corrections (DOC) moves for summary judgment on Plaintiff Scott L. Stoller's claim of "deliberate indifference." Dkt. 12. Mr. Stoller initially filed his lawsuit in Thurston County Superior Court for injuries he sustained after falling at a recreational field at the Clallam Bay Corrections Center (CBCC). DOC removed the case to this Court based on language contained in Mr. Stoller's complaint that the DOC acted with "deliberate indifference." Dkt. No. 1-1. The complaint makes no mention of Mr. Stoller's constitutional rights under the Eighth Amendment but neither does it allege claims of negligence.

Mr. Stoller contends that there are material issues of fact precluding summary judgment. Dkt. 17. He also seeks leave to amend his complaint to remove any federal claim and asks that his case be remanded to Thurston County Superior Court. Dkt. 22. DOC responds that the Court should grant its motion for summary judgment, leaving Mr. Stoller free to pursue his state law claim of negligence in state court. Dkt. 23.

REPORT AND RECOMMENDATION - 1

For the reasons stated herein, the undersigned recommends that Plaintiff's motion for leave to amend be GRANTED; Defendant's motion for summary judgment be DENIED as moot without prejudice to re-filing in state court; and that Plaintiff's motion for remand be GRANTED and this case remanded to the Thurston County Superior Court.

**DISCUSSION**

DOC contends that Mr. Stoller's claim of "deliberate indifference" must be dismissed because: (i) the DOC is a state agency that cannot be held liable for damages under 42 U.S.C. § 1983; and (ii) there is no evidence that Mr. Stoller's constitutional rights were violated. Dkt. 12. Mr. Stoller acknowledges that a state agency cannot be held liable for damages under 42 U.S.C. § 1983. He states that he only ever intended to bring a state law claim of negligence and it was only his ignorance of the legal significance of "deliberate indifference" that led to the initial removal of this case. Dkts. 17-21. Mr. Stoller also responded to the summary judgment motion and filed several declarations in support of his argument that issues of material fact remain as to his claim of negligence. Dkt. 22.

**A.      Motion to Amend – Dkt. 12**

Mr. Stoller requests leave to file an amended complaint replacing "deliberate indifference" with "negligence," thus stripping the action of any federal claim. Dkt. 22, Exhibit 1.

Under Fed.R.Civ.P. 15, this Court must be extremely liberal in considering motions to amend the pleadings. *See Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir.2000), *cert. denied*, 531 U.S. 816 (2000). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000).

REPORT AND RECOMMENDATION - 2

In determining whether to grant leave to amend, district courts should look to factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Not all of these factors apply with equal force; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).

DOC fails to show that it will suffer prejudice from the amendment.  DOC's motion for summary judgment, filed only five months after its removal of this case from state court, seeks to dismiss with prejudice the same federal constitutional claim that Mr. Stoller seeks to remove through his amendment.  There is also no indication that Mr. Stoller is attempting to manipulate the forum and in fact, it appears that he is attempting to correct the language of his complaint to correctly mirror his initial intent to sue for negligence in the state court where he originally brought his complaint.

Accordingly, it is recommended that Mr. Stoller's motion for leave to amend (Dkt. 22) be **GRANTED** and that the proposed amendment found at Dkt. 22-1 be docketed as his Amended Complaint herein.

B.   Motion to Remand – Dkt. 22

Mr. Stoller submits that once the federal claim has been removed from his complaint, this action should be remanded to Thurston County Superior Court, where he filed his original complaint on June 9, 2014. Dkt. 22.  He states that in the "cause of action" section of his original complaint, he used the term "deliberate indifference" when he meant to use the term "negligence," that nowhere in his complaint did he intend to or actually allege a violation of his

REPORT AND RECOMMENDATION - 3

federal civil rights including 42 U.S.C. § 1983, and the reason he filed his complaint in state court was because he was alleging only a state law claim of negligence.  Dkt. 22.

Upon removal, this Court had original jurisdiction under 28 U.S.C. § 1331 based on Mr. Stoller's allegation of "deliberate indifference" although DOC conceded that Mr. Stoller did not specifically identify the Eighth Amendment.  DOC does not ask that this Court continue to exercise supplemental jurisdiction over the state negligence claim.  Instead, in its motion for summary judgment, DOC contends that "although mere negligence may support a state tort claim, it is not actionable under section 1983."  DOC seeks summary judgment and contends that Mr. Stoller can then sue again in state court.

28 U.S.C. § 1367(a) gives federal district courts supplemental jurisdiction over all claims within the same case or controversy as a claim conferring original jurisdiction.  Supplemental jurisdiction is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *See, e.g., Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir.1998).  Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441." *Albingia Versicherungs A.G. v. Schenker International Inc.*, 344 F.3d 931, 938–38 (9th Cir.2003).  28 U.S.C. § 1367(c) allows a district court to decline supplemental jurisdiction if it has dismissed all of the claims conferring original jurisdiction, but does not require it to do so.  District courts are given discretion to exercise or decline supplemental jurisdiction upon consideration of "the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  While "in a case in which all federal claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims ... this[ ] is not a mandatory rule to be applied inflexibly in all cases."

REPORT AND RECOMMENDATION - 4

*Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir.1990). Judicial economy has frequently been privileged over the other factors. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir.1990). "It is the district judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point." *Id*.

Here, the Court has not expended significant resources in this case. The DOC filed its motion for summary judgment just five months after removal. Between removal and the summary judgment motion, the Court entered its Scheduling Order. Dkt. 12. No other Court actions have been necessary. Certainly, DOC's motion for summary judgment can easily be re-filed in the superior court.

As noted above, the Court does not find that Mr. Stoller is attempting to manipulate the forum by eliminating the "deliberate indifference" language from his complaint. Neither DOC nor Mr. Stoller has submitted arguments regarding comity or convenience, and none are readily apparent. Therefore, the undersigned recommends that the Court decline to retain supplemental jurisdiction over the state law tort claims and remand this case to the Thurston County Superior Court.

**C.    DOC's Motion for Summary Judgment – Dkt. 12**

DOC moves for summary judgment on two grounds, first that the DOC is not a "person" for purposes of imposing liability for damages in violation of 42 U.S.C. § 1983, and second that there is no evidence of a constitutional violation. Dkt. 12. As to the first ground, the Court notes that when it removed this case to federal court, the State voluntarily invoked the federal court's jurisdiction and waived its Eleventh Amendment immunity from suit in federal court. *Embury v.*

REPORT AND RECOMMENDATION - 5

*King*, 361 F.3d 562 (9th Cir.2004); *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002).

Nevertheless and in light of the recommendations that Mr. Stoller be allowed to amend his complaint to assert a state law negligence claim only and that this case be remanded, it is also recommended that the Court not reach the merits of Defendants' motion for summary judgment but instead deny the motion as moot without prejudice to re-filing in state court after remand.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's motion for leave to amend be **GRANTED**; Defendant's motion for summary judgment be **DENIED** as moot without prejudice to re-filing in state court; and that Plaintiff's motion for remand be **GRANTED** and this case **remanded** to the Thurston County Superior Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 27, 2015,** as noted in the caption.

**DATED** this  2nd  day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6